961 F.2d 1565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES OF AMERICA, Appellant,
v.
Alberto SABAN-GUTIERREZ, Defendant, Appellee.
 No. 91-2089.
 United States Court of Appeals,
First Circuit.
 January 29, 1992
 
 Rosa Emilia Rodriguez-Velez, Assistant United States Attorney, with whom Daniel F. Lopez-Romo, United States Attorney, was on brief for the United States.
 Miriam Ramos Grateroles, by Appointment of the Court, for appellee.
 Before Campbell, Circuit Judge, Bownes, Senior Circuit Judge, and Cyr, Circuit Judge,
 Per Curiam.
 
 
 1
 Pursuant to the Crime Control Act of 1984, the government appeals from the district court's order granting defendant, Alberto Saban Gutierrez, a new trial. After a jury trial, defendant was convicted of willfully, knowingly, and unlawfully possessing 2,178 kilograms of marihuana, in violation of 46 U.S.C. § 1903(a)(C)(1)(a), and aiding and abetting the same, in violation of 18 U.S.C. § 2. The district court granted a new trial on the grounds of newly discovered evidence after receiving and reviewing substantial evidence bearing on what it termed defendant's "mental competency," in particular, that defendant was mentally retarded. The court was of the opinion, in light of this evidence, that it was "unlikely that the government will be able to prove the necessary intent beyond a reasonable doubt."
 
 
 2
 The decision whether or not to grant a new trial is within the sound discretion of the district court. United States v. Benavente-Gomez, 921 F.2d 378, 382 (1st Cir. 1990); Fed. R. Crim. P. 33 (court may grant a new trial in the interests of justice). The district court "has broad power to weigh the evidence and assess the credibility of both the witnesses who testified at trial and those whose testimony constitutes 'new' evidence." United States v. Wright, 625 F.2d 1017, 1019 (1st Cir. 1980). Thus, the court's decision to grant a new trial will be disturbed only if the court of appeals finds that the district court abused its discretion or misapplied the law. United States v. Rothrock, 806 F.2d 318, 322 (1st Cir. 1986). The factors to be considered in reviewing the grant of a motion for a new trial based on newly discovered evidence are: 1) whether the evidence was unknown or unavailable to the defendant at the time of trial; 2) whether the failure to learn of the evidence was due to lack of diligence by defendant; 3) whether the evidence is material, and not merely cumulative or impeaching; and 4) whether a new trial will probably result in an acquittal. Wright, 625 F.2d at 1019; see also United States v. Natanel, 938 F.2d 302, 313 (1st Cir. 1991); Benavente-Gomez, 921 F.2d at 382.
 
 
 3
 Having heard argument and reviewed the parties' briefs and the record on appeal, we are satisfied that the district court's thoughtful Opinion and Order, dated October 21, 1991, was within the permissible scope of the lower court's discretion. In that decision, the court carefully reviewed the four Wright factors, and determined they had been met. Accordingly, we hold that the district court did not abuse its discretion in granting defendant a new trial, and we affirm its order in that regard. In so ruling, we specifically refrain from taking any position at this time as to whether or not evidence of defendant's diminished capacity will properly be admissible at a new trial to negate mens rea under 18 U.S.C. § 20 or for some other purpose. See United States v. Lopez-Pena, 912 F.2d 1536, 1542 (1st Cir. 1989). We determine only that defendant should not now be foreclosed from presenting this issue to the district court, for its initial determination, should he so wish, along with such other matters as may arise at the new trial. In affirming the district court's grant of a new trial, we are therefore not to be understood as necessarily agreeing (or disagreeing) with its comments concerning the law as it affects the introduction and effect of evidence of diminished capacity and related matters.
 
 
 4
 Affirmed.